## Charles B. Rawson *vs.* School District in Uxbridge.

The assessment of a tax voted by a school district is invalid, if made in part on estates of nonresident owners before the return by the assessors to the town clerk of the certificate of their determination that those estates shall be taxed in that district in conformity with the Gen. Sts. *c.* 39, § 25.

Contract to recover the amount of a school district tax collected from the plaintiff by distress. The case was submitted to the judgment of the superior court, and upon appeal, of this court, on facts agreed, of which the following are all that are material.

At a legal meeting of the voters of the defendant district on October 30, 1865, it was voted to raise five hundred dollars, and "authorize the assessors to assess this amount on the polls and estates of said district as soon as convenient, and direct the collector to collect the same." This vote was duly certified to the assessors, who in pursuance thereof assessed the tax on the plaintiff and delivered to the collector their warrant for its collection; and the collector, upon the plaintiff's refusal to pay it,

collected it by distress. The plaintiff demanded repayment before bringing his action. " The assessors before assessing the tax made out a certificate of their determination in which districts the estates of nonresident owners should be taxed, but did not return the same to the town clerk till after said assessment, and the certificate was not recorded till five months after the tax was assessed. The last determination and assignment of nonresident · owners' estates before that just mentioned, by the ·assessors of said town, was made in 1847, at which time the town was last districted anew. At the time the tax in question was assessed, there were lands of nonresident owners taxed, which had become such since said determination in 1847, and other nonresidents' lands which had changed owners since that time."

*F. P. Goulding*, (*F. H. Dewey* with him,) for the plaintiff.

*P. E. Aldrich*, for the defendants.

FOSTER, J. When a school district votes to raise money by taxation, the tax is to be assessed by the assessors of the town, in the same manner as town taxes are assessed, on the polls and estates of the inhabitants therein, and on all estates liable to be taxed therein. Gen. Sts. c. 39, § 26. "When the estate of a nonresident owner is taxed, it may be taxed in such district as the assessors of the town determine, and the assessors, before they assess a tax for any district, shall determine in which district the estate of any nonresident shall be taxed, and certify in writing their determination to the clerk of the town, who shall record the same." § 25. A compliance with this requirement of the statute is a condition precedent to the valid assessment of a school district tax; and if it is not complied with, an inhabitant of the district may avail himself of the defect. *Taft* v. *Wood*, 14 Pick. 362. *Bacon* v. *School District in Barnstable*, 97 Mass. 421. Two things are to be done; and the written certificate of the determination of the assessors to the town clerk is made by the law as indispensable as the determination itself. ·In the present case, the facts find that there were lands of nonresident owners taxed which had become such since the last determination and assignment by the assessors, which

*was* made when the town was last districted anew in **1847.** These lands should have been duly assigned to some schoo district before the assessment of the tax, the validity of which is contested in the present suit. But no return of them to the town clerk was made prior to the assessment, which is consequently invalid.                    *Judgment for the plaintiff.*